ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 20 2008

at 3 o'clock and 40 min. P M.
SUE BEITIA, CLERK

AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA, A Limited
Liability Law Partnership

JEFFREY H. K. SIA          3029-0
Pauahi Tower, Suite 2500
1003 Bishop Street
Honolulu, Hawaii  96813
Telephone No.: (808) 537-6119
Facsimile No. (808) 526-3491
Jeffrey.sia@hawadvocate.com

Attorney for Defendant
AMERICAN MODERN SURPLUS LINES
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV08  00469 HGBMK

| | |
|---|---|
| FLEMING KEKONA, on behalf of RAYDEN KEKONA, a minor, and as Special Administrator of THE ESTATE OF RICHELLE UILANI GARCIA KEKONA,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY, a Ohio corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. _____<br>(Declaratory Relief)<br><br>NOTICE OF REMOVAL, EXHIBIT "A" |

[2007507/#386893]

## NOTICE OF REMOVAL

Defendant AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY (hereinafter referred to as "American Modern"), by and through its attorneys, Ayabe, Chong, Nishimoto, Sia & Nakamura, hereby submits this Notice of Removal pursuant to 28 U.S.C. §1441 and §1446, and notices the removal of the civil case entitled, *"Fleming Kekona, on behalf of Rayden Kekona, a minor, and as Special Administrator of the Estate of Richelle Uilani Garcia Kekona v. American Modern Surplus Lines Insurance Company*, Civil No. 08-1-0570 (3) in the Second Circuit Court, State of Hawaii" to the United States District Court for the District of Hawaii. The removal is grounded upon the following facts:

## I. Background

1. On 6/12/08, American Modern filed a Complaint for Declaratory Relief against Lloyd K. Kekona, individually and as Special Administrator of The Estate Of Richelle Uilani Garcia Kekona; Kanaka Metal Horse, LLC, dba Street Eagle Motorcycle and Fleming Kekona, on behalf of Rayden Kekona, a minor, and as Special Administrator of The Estate Of Richelle Uilani Garcia Kekona in this Court. Said action is identified as *American Modern Surplus Lines Insurance Company v. Kekona, et. al.*, Civil No. 08-00286 DAE/BMK in the U.S. District Court, District of Hawaii (hereinafter referred to as "American Modern's Declaratory Relief Action"). American Modern's

Declaratory Relief Action involves American Modern's claim for declaratory relief pertaining to a question of liability insurance coverage for claims brought against Defendant Lloyd K. Kekona ("Lloyd Kekona") in an underlying action entitled, ***Fleming Kekona, on behalf of Rayden Kekona, a minor, and as Special Administrator of the Estate of Richelle Uilani Garcia Kekona v. Aaron Wesolowski, Lloyd Kalani Kekona, Sr., et. al.***, Civil No. 07-1-0362(1) in the Second Circuit Court, State of Hawaii (hereinafter referred to as the "the Underlying Action"). The Underlying Action involves a tragic motorcycle/motor vehicle accident and a resulting death when Lloyd Kekona was operating a Harley Davidson motorcycle owned and/or belonging to Kanaka Metal Horse, LLC with his wife, Richelle Uilani Garcia Kekona ("Mrs. Kekona"), who was a passenger on the motorcycle. The motorcycle operated by Lloyd Kekona allegedly made contact with a 1999 GMC pickup truck operated by Aaron Daniel Wesolowski, and upon impact, Mrs. Kekona was thrown from the motorcycle and sustained serious injuries. Mrs. Kekona was hospitalized and later died of her injuries and/or conditions. American Modern's Declaratory Relief Action basically involves American Modern's claim is that there is no insurance coverage for the claims and/or alleged damages asserted against Lloyd Kekona in the Underlying Action under two insurance policies American Modern issued that named Kanaka Metal Horse, LLC, dba Street Eagle Motorcycle as the named insured. It is American

Modern's position that exclusions pertaining to "passenger liability" common to the two aforementioned insurance policies issued by American Modern apply so that there is no liability insurance coverage relative to the claims or causes of actions asserted against Lloyd Kekona by the plaintiffs in the Underlying Action (who also are the Plaintiffs in the lawsuit that is subject of this removal).

2. Plaintiffs Fleming Kekona, on behalf of Rayden Kekona, a minor, and as Special Administrator of The Estate Of Richelle Uilani Garcia Kekona (hereinafter collectively referred to as "Plaintiffs") filed their Answer to American Modern's Complaint for Declaratory Relief in American Modern's Declaratory Relief Action on 10/8/08.

3. Also, on 10/8/08, Plaintiffs filed a Motion to Dismiss Complaint for Declaratory Relief in American Modern's Declaratory Action. Said Motion essentially seeks a dismissal of American Modern's Declaratory Action on basis that this Court should refrain taking jurisdiction of American Modern's Declaratory Action, i.e., the Court should abstain from hearing the case.

4. On 10/7/08, before they filed their aforementioned Answer and Motion to Dismiss in American Modern's Declaratory Action, Plaintiffs filed a Complaint for Declaratory Judgment against American Modern in the Second Circuit Court, State of Hawaii; said lawsuit is entitled ***Fleming Kekona, on behalf of Rayden Kekona, a minor, and as Special Administrator of the Estate of***

*Richelle Uilani Garcia Kekona v. American Modern Surplus Lines Insurance Company*, Civil No. 08-1-0570 (3) in the Second Circuit Court, State of Hawaii (hereinafter referred to as "Plaintiffs' State Court Action"). A true and correct copy of Plaintiffs' Complaint for Declaratory Judgment is attached hereto as Exhibit "A" and incorporated herein by reference.

5. American Modern, through its attorney, received a filed copy of Plaintiffs' Complaint for Declaratory Judgment on 10/17/08.

6. As of this Notice of Removal, there was no indication yet that Plaintiffs' Complaint for Declaratory Judgment and Summons were served on American Modern.

7. This Notice of Removal relating to Plaintiffs' State Court Action is submitted within thirty days after American Modern either received a copy of the Complaint for Declaratory Judgment or accepted service of the Complaint for Declaratory Judgment, and within thirty days of the filing of the Complaint for Declaratory Judgment. Exhibit "A" constitutes all the process, pleadings, or orders received by American Modern, either through its attorney or directly, in Plaintiffs' State Court Action to date.

II. **Parties**

8. In their Complaint for Declaratory Judgment filed in Plaintiffs' State Court Action, Plaintiff Fleming Kekona is an individual alleged to be a

resident of the State of Hawaii. *See* Plaintiffs' Complaint for Declaratory Judgment, ¶1 at 2, attached hereto as Exhibit "A." Said Plaintiff also was alleged to be the next of kin and natural father of Rayden Kekona, who is a minor, and filing on behalf of Rayden. *Id.* Finally, said Plaintiff also was alleged to be the Special Administrator of the Estate of Richelle Uilani Garcia Kekona.

9. American Modern is an Ohio corporation with its principle place of business in Amelia, Ohio. *See* Plaintiffs' Complaint for Declaratory Judgment, ¶2 at 2, attached hereto as Exhibit "A."

### III. Nature of Plaintiffs' State Court Action

10. Plaintiffs' Complaint for Declaratory Judgment filed in Plaintiffs' State Court Action largely mimicked, if not mostly copied, the basic factual allegations contained in American Modern's Declaratory Relief Action. For example, it described the Underlying Action and the claims against Lloyd Kekona; the insurance policies issued by American Modern to Kanaka Metal Horse, LLC, dba Street Eagle Motorcycle; American Modern's defense of Lloyd Kekona in the Underlying Action; the subject accident; and American Modern's position regarding the lack of liability insurance coverage for the claims asserted against Lloyd Kekona in the Underlying Action. The most significant difference between Plaintiffs' State Court Action and American Modern's Declaratory Relief Action involve Plaintiffs' position that there is liability coverage under the

insurance polices for the claims asserted against Lloyd Kekona in the Underlying Action and therefore, American Modern is obligated to provide insurance coverage for Plaintiffs' claims asserted against Lloyd Kekona in the Underlying Action.

11. The prayer for relief in Plaintiffs' Complaint for Declaratory Judgment filed in Plaintiffs' State Court Action seeks a declaration from the court concerning the "rights, obligations, and liabilities of the parties herein and in specific declare:" a) "That Defendant AMSLIC (American Modern) does have a duty to provide insurance coverage relative to the claims asserted against Lloyd Kalani Kekona in the underlying action under and pursuant to the policies;" b) "That Defendant AMSLIC does have a duty or obligation to further defend Lloyd Kalani Kekona with respect to the claims and/or damages asserted against him in the underlying action under and pursuant to the policies;" and c) "That Defendant AMSLIC does have a duty to indemnify Lloyd Kalani Kekona with respect to the claims and/or damages asserted against him in the underlying action under and pursuant to the policies with respect to any claims pertaining to the subject motorcycle/motor vehicle accident that is the subject of the underlying action." *See* Plaintiffs' Complaint for Declaratory Judgment, at 8, attached hereto as Exhibit "A."

12. The prayer for relief in Plaintiffs' Complaint for Declaratory Judgment filed in Plaintiffs' State Court Action also included a request for

7

attorney's fees and costs of suit, and "such other and further relief as this Court deems just and proper." *See* Plaintiffs' Complaint for Declaratory Judgment, at 8, attached hereto as Exhibit "A." The latter item essentially is "boiler plate" language typically included in prayers for relief within complaints filed in Hawaii.

13. As indicated above, Plaintiffs asserted that American Modern has a duty to indemnify Lloyd Kekona. *See* Plaintiffs' Complaint for Declaratory Judgment, attached hereto as Exhibit "A."

14. Based on this information and allegations contained and referred to in Plaintiffs' State Court Action, which mimics and wholly copies in part American Modern's Complaint for Declaratory Relief filed in American Modern's Declaratory Action, the amount in controversy well exceeds $75,000.00, exclusive of interest and costs. Plaintiffs' seek insurance coverage by or from American Modern up to the $1 million policy limit for liability insurance under one of the two American Modern insurance policies.

15. This Court has original jurisdiction over the action under the provisions of 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiffs (Hawaii) and American Modern (Ohio) and the amount in controversy exceeds $75,000.00.

16. This action is removable pursuant to 28 U.S.C. §1441(a), (b), and (c).

17. A copy of this Notice of Removal will be served upon the adverse parties.

18. American Modern will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. §1446(e), promptly after the filing of this Notice of Removal.

WHEREFORE, American Modern respectfully requests that this action proceed in this Court as an action properly removed to it.

DATED: Honolulu, Hawaii, __OCT 2 0 2008__ .

_____
JEFFREY H. K. SIA
Attorney for Defendant
AMERICAN MODERN SURPLUS
LINES INSURANCE COMPANY