OCT 1 7 2008

Ms. Due,
11/6/?

FILED

2008 OCT -7 AM 11:55

D. MOROKA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

**LAW OFFICES OF JAN K. APO**

JAN K. APO 2906
Wailuku Executive Center
24 N. Church Street, Suite 302
Wailuku, Maui, Hawaii 96793
Telephone No. (808) 244-6073
Facsimile No. (808) 244-6244

Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FLEMING KEKONA, on behalf of RAYDEN KEKONA, a minor, and as Special Administrator of THE ESTATE OF RICHELLE UILANI GARCIA KEKONA,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY, a Ohio corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | Civil No. 08-1-0579 (3)<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS |

COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW Plaintiffs, FLEMING KEKONA, on behalf of RAYDEN KEKONA, a minor, and as Special Administrator of THE ESTATE OF RICHELLE UILANI GARCIA KEKONA, (hereinafter referred to as "Plaintiffs"), by and through the Law Offices of Jan K. Apo hereby alleges and avers as follows in support of this Complaint for Declaratory Judgment:


EXHIBIT "A"

1.  At all relevant times herein, Fleming Kekona was and is a resident of the County of Maui, State of Hawaii. Fleming Kekona is the next of kin and natural father of Rayden Kekona who is a minor and brings this action on behalf of Rayden Kekona. Fleming Kekona is also the Special Administrator for the Estate of Richelle Uilani Garcia Kekona by Order filed on August 30, 2007 In the Matter of the Estate of Richelle U. Kekona, Probate No. 07-1-0146(2) with Letters of Administration issued to Fleming Kekona on September 4, 2007.

2.  Defendant American Modern Surplus Lines Insurance Company (hereinafter "Defendant AMSLIC") is an Ohio corporation with its principle place of business in Amelia, Ohio and has engaged in the business of insurance in the County of Maui, State of Hawaii.

3.  Defendants John and Jane Does 1-10, John Doe Partnerships 1-10, John Doe Corporations 1-10, and John Doe Government Entities 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they were connected in some manner with named Defendant and/or are persons, corporations, entities, agents, representatives, business entities, associations, employers, employees, or governmental entities or agencies responsible for the insurance policies and coverage which are at issue in this lawsuit. Plaintiffs will identify the true names and capacities, activities and/or responsibilities when the same are ascertained. Plaintiffs have made diligent and good-faith efforts to ascertain the identities of those responsible, including a review of material generated in the investigation of the incident which forms the basis of this action.

4.  An actual controversy exists by and between the parties hereto relating to the question of whether there is any insurance coverage under insurance policies issued by

2

Defendant AMSLIC as it pertains to a motor vehicle motorcycle accident on June 19, 2007 which caused the death of Richelle Uilani Garcia Kekona.

## INSURANCE POLICIES

5.  Plaintiffs incorporate by reference the allegations in paragraphs 1 through 4 above.

6.  Defendant AMSLIC simultaneously issued two insurance policies naming Kanaka Metal Horse, LLC, dba Street Eagle Motorcycle as the named insured. The policies are identified as policy nos. MCR 20337 and MCX 20337 each with a policy period of 1/11/07 to 1/11/08. The named insured's business is identified in both policies as "Commercial Motorcycle Rental."

7.  Richelle Uilani Garcia Kekona was an owner, manager, employee and member of Kanaka Metal Horse, LLC which is a member-managed limited liability company registered in the State of Hawaii.

8.  Policy no. MCR 20337 provided renters' bodily injury liability coverage of $20,000 each person and $40,000 each accident.

9.  Policy no. MCX 20337 provided coverage for bodily injury and property damage for the named insured in the amount of $1 million.

10. The liability coverage insuring agreement for both policies provided in relevant part as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

11. "Bodily injury" is defined within the policies as "bodily injury, sickness or disease sustained by a person including death resulting from any of these." "Property damage" is defined within the policies as "damage to or loss of use of tangible property."

12. Under the "Who Is An Insured" subsection of the liability coverage section, and relevant to this matter, the following are "insureds:"

> a.  You for any covered "auto".
>
> b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>> (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

Richelle Uilani Garcia Kekona and Lloyd Kalani Kekona were insureds per this definition within the policies.

13. By an endorsement that was a part of both policies, Paragraph A.1.b of the aforecited Who Is An Insured provision was replaced with the following:

> Anyone else is an 'insured' while using a covered 'auto' you own, hire or borrow with a reasonable belief that such 'insured' is entitled to do so except:

14. Paragraph A.1.b. of the Who Is An Insured provision of policy no. MCX 20337 was amended further by adding the following sub-provision:

> (6) Any "lessee, renter, or rental customer" named in the rental agreement, for the rental unit they are renting, during the term of the rental agreement."

15. With respect to the two policies, "insured" was defined as follows:

> [A]ny person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

16. By different endorsements, SECTION II — LIABILITY COVERAGE for both policies was amended with the addition of an exclusion pertaining to "passenger liability." For policy no. MCR 20337, the exclusion was added as a part of Amendatory Endorsement – Motorcycle Rental. For policy no. MCX 20337, the exclusion was added as part of Amendatory Endorsement – Motorcycle Rental – Excess. The exclusion (hereinafter referred to as "the passenger liability exclusion"), identical in each endorsement, provided as follows:

> Passenger Liability—We do not provide Liability Coverage for any "insured" for "bodily injury" to any person while "occupying" a covered "auto" as a passenger unless the Declarations shows that Guest Passenger Liability is provided.

"Occupying" is defined as meaning "on, upon, getting in or upon, or off of" per amendatory endorsements that are part of the policies.

17. Defendant AMSLIC represents that the Declarations for both polices do not show that Guest Passenger Liability was provided under the two policies. Thus, Defendant AMSLIC has taken the position that liability coverage is not afforded to the claims brought by the Plaintiffs against Lloyd Kalani Kekona which are more fully described below.

### SUBJECT ACCIDENT

18. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 17 above.

19. On or about June 19, 2007, while on Piilani Highway in Kihei, Maui, Hawaii, Mr. Lloyd Kalani Kekona was operating a Harley Davidson motorcycle owned and/or

belonging to Kanaka Metal Horse, LLC. His wife, Mrs. Richelle Uilani Garcia Kekona was a passenger on the motorcycle. The motorcycle operated by Mr. Lloyd Kalani Kekona allegedly made contact with a 1999 GMC pickup truck operated by Aaron Daniel Wesolowski. Upon impact, Mrs. Richelle Uilani Garcia Kekona was thrown from the motorcycle and sustained serious injuries. Mrs. Richelle Uilani Garcia Kekona was hospitalized and later died of her injuries and/or conditions.

## UNDERLYING ACTION

20. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 19 above.

21. On September 12, 2007, Fleming Kekona, on behalf of Rayden and as Special Administrator of the Estate of Mrs. Richelle Uilani Garcia Kekona, filed a civil lawsuit against Aaron Daniel Wesolowski, Mr. Lloyd Kalani Kekona, and certain "Doe" Defendants in Hawaii state court. The lawsuit is identified as **Fleming Kekona, on behalf of Rayden Kekona, a minor, and as Special Administrator of the Estate of Richelle Uilani Garcia Kekona v. Aaron Wesolowski, Lloyd Kalani Kekona, Sr., et. al.**, Civil No. 07-1-0362(1) in the Second Circuit Court, State of Hawaii ("the underlying action").

22. The underlying action pertains to the aforedescribed motorcycle/motor vehicle accident that occurred on or about June 19, 2007, which resulted in the death of Mrs. Richelle Uilani Garcia Kekona.

23. In the Complaint filed by the Plaintiffs in the underlying action, it was alleged that Mr. Lloyd Kalani Kekona "breached his duty to Plaintiffs by engaging in the negligent acts and or omissions which include, but are not limited to the following:

6

    a.    Failing to maintain a proper lookout;

    b.    Being inattentive to driving;

    c.    Changing lanes without proper signal;

    d.    Failing to yield right away (sic);

    e.    Causing his motorcycle to collide with the pickup truck;

    f.    Failing to keep proper and reasonable attention to the circumstances of traffic around him.

The Plaintiffs in the underlying action also alleged that Mr. Lloyd Kalani Kekona's negligence "directly and proximately contributed to the cause of this accident and the wrongful death of Rachelle Uilani Garcia Kekona (Mrs. Kekona)." (parenthetical added).

24. The plaintiffs in the underlying action further alleged that as a result of Mr. Lloyd Kalani Kekona's negligence, Rayden incurred pecuniary injury and loss of love and affection, and that the Estate of Richelle Uilani Garcia Kekona has claims for physical and mental pain and anguish suffered by Richelle Uilani Garcia Kekona before her death; loss of enjoyment of life activities; loss of earnings; funeral and burial expenses. In the prayer for relief within the Complaint in the underlying action, the Plaintiffs sought special and general damages and "such other legal and/or equitable damages."

25. Defendant AMSLIC has been defending Mr. Lloyd Kalani Kekona in the underlying action under and pursuant to a reservation of rights under the aforementioned insurance policies issued to Kanaka Metal Horse, LLC.

26. Plaintiffs bring this action seeking a declaratory judgment that Defendant AMSLIC is obligated to provide bodily injury liability coverage to indemnify and defend the claims brought by the Plaintiffs against Lloyd Kalani Kekona.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

1. That the Court declare the rights, obligations and liabilities of the parties herein and, in specific declare that

   a. That Defendant AMSLIC does have a duty to provide insurance coverage relative to the claims asserted against Lloyd Kalani Kekona in the underlying action under and pursuant to the policies.

   b. That Defendant AMSLIC does have a duty or obligation to further defend Lloyd Kalani Kekona with respect to the claims and/or damages asserted against him in the underlying action under and pursuant to the policies.

   c. That Defendant AMSLIC does have a duty to indemnify Lloyd Kalani Kekona with respect to the claims and/or damages asserted against him in the underlying action under and pursuant to the policies with respect to any claims pertaining to the subject motorcycle/motor vehicle accident that is the subject of the underlying action.

2. For attorney's fees and/or costs of suit.

3. For such other and further relief as this Court deems just and proper.

DATED:   Wailuku, Hawaii, October 7, 2008.

_____
JAN K. APO
Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FLEMING KEKONA, on behalf of RAYDEN KEKONA, a minor, and as Special Administrator of THE ESTATE OF RICHELLE UILANI GARCIA KEKONA, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY, a Ohio corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | ) Civil No. <br> ) (Declaratory Judgment) <br> ) <br> ) SUMMONS <br> ) |

SUMMONS

STATE OF HAWAII

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon the **Law Offices of Jan K. Apo**, Plaintiffs' counsel, whose address is Wailuku Executive Center, 24 N. Church Street, Suite 302, Wailuku, Maui, Hawaii 96793, an answer to Complaint which is hereby served upon you, within twenty (20) days after the date of service, exclusive of the day of service. If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the Complaint. If you fail to obey this summons, it may result in an entry of default and default judgment.

Case 1:08-cv-00469-HG-BMK   Document 1-2   Filed 10/20/08   Page 10 of 10   PageID #: 19

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this Summons shall not be delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit Courts permits, in writing on the Summons, personal delivery during those hours.

DATED: Wailuku, Hawaii, _____OCT - 7 2008_____

/sgd/ D. MORIOKA (seal)
Clerk of the above-entitled Court